UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>Caroline Delich<br><br><br><br>Caroline Delich<br>Debtor(s)<br><br><br>Plaintiff(s)<br>HARRIS N.A. DBA HARRIS BANKCORP,INC/<br>HARRIS FINANCIAL CORP/<br><br>Defendant(s) | ) BK No.:  11-08572<br>)<br>) Chapter: 13<br>)<br>) Honorable Jack B. Schmetterer<br>)<br>)<br>)<br>) Adv. No.: 11-00891<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FINDINGS OF FACTS AND CONCLUSIONS OF LAW**

On 3/2/2011, the Complaint of Caroline Delich, the Plaintiffs in this adversary action and the debtor in voluntary bankruptcy case before this Court, came before this Court for hearing upon proper notice. The Court, having reviewed and considered the Complaint and Exhibits thereto and being otherwise fully advised in the premises, and having entered an Order of Default, now makes and enters the following Findings of Fact and Conclusions of Law and separately enters judgment in favor of Plaintiffs in this matter.

FINDINGS OF FACT

1. Plaintiff is the owner of improved parcel of residential real estate ("Real Estate") commonly known as  2929 S Bonfield St Chicago, IL 60608  .and legally described as follows:
Lot 15 in Bonfield's subdivision of Lots 1 and 4 in Block 26 in Canal Trustee's Subdivision of the South Fraction of Section 29 Township 39 North Range 14 East of the Third Principal Meridian, in Cook County, Illinois.

PIN: 17-29-410-015-0000

2. The Real Estate is the Plaintiff's principal residence.

3.  A Market Analysis was conducted by Zillow Estimate  and a copy of said      market Analysis was attached to the Complaint. The Market Analysis states that the fair market value of the Real Estate is $170,000.00.

4.  Citimortgage, Inc. successor by merger to ABN AMRO Mortgage Group, Inc. holds a first mortgage lien on the Real Estate and as of the Petition Date (3/2/2011 ) there was due and owing on said mortgage $188,605.00

5. HARRIS N.A. DBA HARRIS BANKCORP,INC/ HARRIS FINANCIAL CORP/HARRIS

CONSUMER LENDING CENTER holds a second mortgage lien on the Real Estate and as of the Petition Date (3/2/2011) there was due and owing on said mortgage $25,000.00.

6. As of the Petition Date 3/2/2011, the amounts due and owning on the first mortgage lien exceeded the value of the Real Estate.

7. The Debtor's Chapter 13 Plan provides that the defendants claim will be treated as an unsecured non priority claim.

## CONCLUSIONS OF LAW

1 Jurisdiction lies under 28 USC Section 1334(b) to adjudicate, approve and enforce the Debtor's effort by Chapter 13 Plan to determine through confirmation and completion of such Plan that the Defendant's junior mortgage will no longer by secured.

2. This is a core proceeding under 28 USC Section 157(b)(2)(k) to determine the validity of a lien and is a proceeding to value the Defendant's claim under Bankruptcy Rule 3012.

3. Pursuant to 11 USC 1322(b)(2), a lien upon residential real estate which is the debtor's principal residence cannot ordinarily be modified. A wholly unsecured lien however can however be avoided and cancelled and may thereafter be eliminated through a Chapter 13 Plan. See First Bank, Inc. vs. Van Wie, 2003 WL 1563959(S.D. Ind.2003); In Re Mann, 249 B.R. 831, 840 (1st Cir BAP 2000); In Re Pond, 2001 U.S.App.Lexis 11287 (2nd Cir. 2001); In re McDonald, 205 F.2d 606 (3rd Cir 2000); Bartee vs. Tara Colony Homeowners Assoc, 212 F.3d 277 (5th Cir. 2000); In re Lam, 211 B.R. 36 (9th Cir BAP 1357); In Re Tanner, 217 F.3d 1357 (11th Cir); There cannot be any equity securing the lien at the time of valuation, and the lien must be wholly unsecured to be avoided and cancelled. At the time of filing (3/2/2011) the amount due of the first mortgage exceeded the value of the Real Estate; therefore the Defendants' mortgage lien is wholly unsecured and may be avoided and cancelled.

4. The Defendants' lien has been proven to be wholly unsecured and pursuant to 11 USC 506 can be cancelled upon successful completion of the Debtor's Chapter 13 Plan

5. The secured claim of the Defendants against the Real Estate located at 2929 S Bonfield St Chicago, IL 60608, is valued at zero.

6. The Plaintiff is entitled to a Judgment Order declaring that, upon successful completion of the Debtor's Chapter 13 Plan and entry of debtor's discharge, the lien of the Defendant will be rendered null and void. The Court retains jurisdiction to enter orders in aid of this judgment after the debtor's discharge.

Enter:

Honorable Jack B. Schmetterer
United States Bankruptcy Judge

JUL 07 2011

Dated: 7/7/11

**Prepared by:**

Hitchcock & Associates, P.C.
Attorney for Debtor(s)
120 South State Street, Suite 800
Chicago, IL. 60603

Rev: 20110318_apo